# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 7, 2022

```
* * * * * * * * * * * * * *
MISTY PASCO, parent and next    *
friend of M.P., a minor,         *       No. 16-500V
                                 *       Special Master Sanders
              Petitioner,        *
                                 *
    v.                           *
                                 *       Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
              Respondent.        *
* * * * * * * * * * * * * *
```

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 24, 2021, Misty Pasco ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$74,054.89** for her counsel, Mr. Richard Gage, for work performed during the pendency of this case. Mot. Int. Attorneys' Fees & Costs at 2, ECF No. 81 [hereinafter "Fees App."]. On September 28, 2021, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 82. In his response, Respondent stated that "[s]hould the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case, [R]espondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter. For the reasons stated below, the undersigned will award interim attorneys' fees and costs for Petitioner's counsel at this time.

**I.    Procedural History**

On April 22, 2016, Petitioner filed a petition on behalf of M.P., for compensation pursuant

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleges that M.P. developed acute disseminated encephalomyelitis ("ADEM") and transverse myelitis ("TM") as a result of measles-mumps-rubella ("MMR") and varicella vaccinations on May 14, 2015. Pet. at 1. Over the following year, Petitioner filed medical records and a statement of completion. ECF Nos. 9–12, 17, 18.

On August 5, 2016, Respondent filed his Rule 4(c) report, indicating that this case was not appropriate for compensation. Resp't's Report at 1, ECF No. 19. Thereafter, Petitioner filed additional medical records, an affidavit, and multiple expert reports with supporting medical literature from Dr. Lawrence Steinman, with Respondent providing expert reports from Drs. Hayley Gans and Michael Kruer. ECF Nos. 20, 22, 27, 30, 35–38, 40–41, 46, 50, 56, 57, 64, 73–75. An entitlement hearing was held on June 2, 2021. *See* Min. Entry, docketed June 2, 2021. This case is awaiting a decision on entitlement.

## II. Availability of Interim Attorneys' Fees and Costs

### A. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of interim fees and costs are met.

### B. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Hum. Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Hum. Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Hum. Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("[t]he delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioner's case was filed on April 22, 2016, it has been pending for nearly six years. *See* Pet. At the current pace, although an entitlement hearing has been held, the subsequent decision may not be rendered for a year or longer.

---

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested **$74,054.89** in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Because of the protracted nature of the proceedings and the accumulation of fees and costs, the undersigned finds an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.     Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("the reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera*, 515 F.3d at 1348.

#### A.     Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the Court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

##### a.     Reasonable Hourly Rates

Petitioner requests that her counsel, Richard Gage, be compensated at the following hourly rates for his representation of Petitioner: $300 per hour for work performed in 2015; $311 per hour for work performed in 2016; $318 per hour for work performed in 2017; $326 per hour for work performed in 2018; $338 per hour for work performed in 2019; $350 per hour for work performed in 2020; and $362 per hour for work performed in 2021. Petitioner also requests that attorney

Kristen Blume be compensated at the following hourly rate for her assistance in the representation of Petitioner: $251 per hour for work performed in 2017–2018; $350 per hour for work performed in 2020; and $355 per hour for work performed in 2021. Petitioner requests the paralegals assisting Mr. Gage, including Ms. Susan McNair, Mr. Brian Vance, Ms. Sharee Lange, and Ms. Helen Nelson, be compensated at $120 per hour for work performed in 2015–2020; and $130 per hour for work performed in 2021.[3] The undersigned has reviewed the hourly rates requested by Petitioner for the work of her counsel through the duration of this case. The billing records indicate that all the attorney work in this case has been performed by Richard Gage and Kristen Blume, with the supporting work from the paralegals. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well. *See, e.g.*, *Goldman v. Sec'y of Health & Hum. Servs.*, No. 16-1523V, 2021 WL 3056263, at *2 (Fed. Cl. Spec. Mstr. June 21, 2021).

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Petitioner has requested **$54,032.90** in interim fees. Fees App. at 6. In the Program, billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Sept. 17, 2018) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, the undersigned finds that the billed hours are largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed by himself, his assisting attorney, and paralegals, and upon review, the undersigned does not find any of the billing entries to be unreasonable. However, counsel and his paralegals billed for administrative tasks, including the review of court orders and the filing of exhibits, on several occasions. Fees App. at 26–45. After careful analysis, the undersigned estimates that no less than 1.5 hours billed by Mr. Gage between 2016–2018, and no less than 4.5 hours billed by paralegals Susan McNair and Brian Vance between 2016–2021, reasonably represents non-compensable work. *See id.* Therefore, the undersigned will reduce the total award by approximately **$1,000.00**. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours and finding that in exercising their discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.).

Additionally, the undersigned notes that on May 6, 2016, paralegal Susan McNair billed at a rate of $311 per hour for .5 hours' worth of work performed, for a total of $155.50. Fees App. at

---

[3] Petitioner requested that paralegal Ms. Sharee Lange be compensated at $120 per hour for her limited work performed in 2021. *See* Fees App. at 44.

36. Consistent with counsel's requested rate for paralegals in 2016, Ms. McNair should have billed at a rate of $120 per hour and earned $60 for .5 hours' worth of work performed. An appropriate reduction for this charge is **$95.50.** Accordingly, Petitioner is entitled to interim attorneys' fees in the amount of **$52,937.40**.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested **$20,021.99** in interim costs. Fees App. at 6. This amount is comprised of acquiring medical records, postage, photocopies, the Court's filing fee, and expert work performed by Dr. Lawrence Steinman. *See id.* at 48. Petitioner has provided mostly adequate documentation of the requested costs, and the costs are largely reasonable in the undersigned's experience. However, Petitioner failed to provide documentation of counsel's **$423.93** payment to Healthport on December 31, 2015. *Id.* at 48–55. Without documentation, this cost cannot be reimbursed at this time. Accordingly, Petitioner is entitled to interim attorneys' costs in the amount of **$19,598.06.**

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for interim fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $54,032.90 |
| (Reduction to Fees) | -   $1,095.50 |
| **Interim Attorneys' Fees Awarded** | **$52,937.40** |
| | |
| Interim Attorneys' Costs Requested | $20,021.99 |
| (Reduction of Costs) | -   $423.93 |
| **Interim Attorneys' Costs Awarded** | **$19,598.06** |
| | |
| **Interim Attorneys' Fees and Costs** | **$72,535.46** |

Accordingly, the undersigned awards a lump sum in the amount of **$72,535.46** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Richard Gage, of Richard Gage, P.C., for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[4]

**IT IS SO ORDERED.**

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
