# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: December 19, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
MISTY PASCO parent and next friend of    *
M.P., a minor,                           *      No. 16-500V
                                         *
            Petitioner,                  *      Special Master Sanders
                                         *
v.                                       *
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
            Respondent.                  *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Richard Gage*, Richard Gage, P.C.(WY), Cheyenne, WY, for Petitioner.
*Tyler King*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 22, 2016, Misty Pasco ("Petitioner"), mother and next friend of her daughter, M.P., filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Pet. at 1, ECF No. 1. On January 30, 2018, Petitioner filed an amended petition to include an alleged table injury in addition to the causation-in-fact injury. Amended Pet. at 1-2, ECF No. 52. Petitioner alleged that the measles, mumps, and rubella ("MMR") vaccine and the varicella vaccine that M.P. received on May 14, 2015 caused her to suffer from acute disseminated encephalomyelitis ("ADEM") and transverse myelitis ("TM"). Amended Pet. at 1-2.

I held an entitlement hearing in this case on June 2, 2021. *See* ECF No. 79. On September 23, 2022, I issued a ruling on entitlement finding that Petitioner was entitled to compensation. Ruling on Entitlement, ECF No. 87.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").

On June 15, 2023, Respondent filed Respondent's Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 101. On December 6, 2023, Petitioner filed an Order Appointing Conservators, an Order Approving Settlement, and a Letter and Acceptance of Appointment. Pet'r's Exs. 63-65, ECF No. 106. On December 14, 2023, Respondent confirmed receipt and acceptance of Petitioner's filings appointing Petitioner as guardian/conservator for M.P. Informal Comm., docketed on Dec. 15, 2023. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

**A lump sum payment of $150,000.00, representing compensation for pain and suffering in the form of a check payable to Petitioner as the guardian/conservator of M.P.'s estate, for the benefit of M.P.**

**A lump sum payment of $15,949.41 representing past unreimbursable expenses in the form of a check made payable to Petitioner, Misty Pasco.**

**These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MISTY PASCO, parent<br>and next friend of M.P, a minor,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 16-500V<br>Special Master Sanders<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 22, 2016, Misty Pasco ("petitioner") filed a petition for compensation

("Petition"), on behalf of her minor child, M.P., under the National Childhood Vaccine Injury

Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  The Petition

alleged that M.P. suffered from Transverse Myelitis ("TM") after receipt of measles-mumps-

rubella and varicella vaccinations on May 14, 2015.  *See* Petition at 1-2.  On January 30, 2018,

petitioner filed an amended petition alleging that M.P.'s May 14, 2015 vaccinations were the

cause-in-fact of her TM and acute disseminated encephalomyelitis ("ADEM").  Amended

Petition at 2; ECF No. 52 at 2.  Petitioner further alleged that M.P.'s vaccinations caused the

Table injury of encephalitis.  *Id*.  On September 23, 2022, the Court issued a Ruling on

Entitlement, finding that petitioner is entitled to compensation.[1]  ECF No. 87.  The Court found

that the MMR and varicella vaccines M.P. received on May 14, 2015, were the cause-in-fact of

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Special Master issues a damages decision in conformity with this proffer,
respondent waives his right to seek review of such damages decision.  However, respondent
reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's
September 23, 2022, entitlement decision.

her TM and ADEM.  *Id.*  The Special Master denied petitioner's Table claim of encephalitis.  *Id.* at 2.

## I.      Items of Compensation

### A.      Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$150,000.00** in pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to M.P.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$15,949.41**.  *See* 42 U.S.C. § 300aa- 15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Respondent recommends that compensation provided to M.P. should be made through a lump sum payment of **$150,000.00**, in the form of a check made payable to petitioner as the guardian/conservator of M.P.'s estate, for the benefit of M.P. [2]  No payment shall be made regarding this compensation until petitioner provides the Secretary with documentation establishing petitioner's appointment as guardian/conservator of M.P.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of M.P.'s estate at the time a payment is to be made, any such payment shall be paid to the party or parties

---

[2]  Should M.P. die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.P. upon submission of written documentation of such appointment to the Secretary.  Petitioner agrees.

Respondent recommends that compensation provided for past unreimbursable expenses should be made through a separate lump sum payment of **$15,949.41**, in the form of a check made payable to petitioner, Misty Pasco.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

/s/ Tyler C. King
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0730
Tyler.king@usdoj.gov

Dated: June 15, 2023

3