# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 31, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MISTY PASCO, parent and next friend of M.P., a minor, | * * * | No. 16-500V |
| | * | Special Master Young |
| Petitioner, | * * | |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner;
*Tyler King*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Misty Pasco ("Petitioner"), mother and next friend of her daughter, M.P., filed a petition pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet. at 1, ECF No. 1. On January 30, 2018, Petitioner filed an amended petition to include an alleged table injury in addition to the causation-in-fact injury. Amended Pet. at 1-2, ECF No. 52. Petitioner alleged that the measles, mumps, and rubella ("MMR") vaccine and the varicella vaccine that M.P. received on May 14, 2015, caused her to suffer from acute disseminated encephalomyelitis ("ADEM") and transverse myelitis ("TM"). Amended Pet. at 1-2. Following an entitlement hearing and my ruling finding Petitioner was entitled to compensation, the parties filed a proffer on June 15, 2023. ECF No. 101. On

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

December 6, 2023, Petitioner filed documentation establishing her appointment as the conservator of M.P.'s estate. ECF No. 106. On December 19, 2023, I adopted the parties' June 15, 2023 proffer as my decision awarding compensation. ECF No. 107.

On, September 24, 2021, Petitioner filed a motion for interim attorneys' fees and costs. ECF No. 81. On July 7, 2022, Petitioner's motion for interim fees was granted and she was awarded $72,535.46. ECF No. 83.

On March 7, 2024, Petitioner filed a final motion for attorneys' fees and costs. ("Pet'r's Mot. for AFC") (ECF No. 111). Petitioner requests total attorneys' fees and costs in the amount of $18,996.17, representing $11,959.30 in attorneys' fees, and $7,036.87 in attorneys' costs. Pet'r's Mot. for AFC, Tab A. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of her petition. Pet'r's Mot. for AFC, Tab H. Respondent responded to the motion on March 8, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 112). Petitioner did not file a reply.

This matter is now ripe for consideration.

### I.     Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests that her counsel, Richard Gage, be compensated at the following hourly rates for his representation of Petitioner: $393.00 per hour for work performed in 2022; $422.00 per hour for work performed in 2023; and $441.00 per hour for work performed in 2024. Petitioner also requests that attorney Kristen Blume be compensated at the following hourly rates for her assistance in the representation of Petitioner: $386.00 per hour for work performed in 2022; and $441.00 per hour for work performed in 2024. Petitioner requests the paralegals assisting Mr. Gage, including Ms. Susan McNair, Mr. Brian Vance, Ms. Elizabeth McDonald, and Ms. Helen Nelson, be compensated at $130.00 per hour for work performed in 2021; $141.00 per hour for work performed in 2022; $152.00 per hour for work performed in 2023; and $159.00 per hour for work performed in 2024. I have reviewed the hourly rates requested by Petitioner for the work of her counsel through the duration of this case. The billing records indicate that all the attorney work in this case has been performed by Richard Gage and Kristen Blume, with the supporting work from the paralegals. The hourly rates requested for these individuals are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well. *See, e.g., Allen-Scott v. Sec'y of Health & Human Servs.*, No. 19-1517V, 2024 WL 4839286 (Fed. Cl. Spec. Mstr. Aug. 14, 2024).

### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, the undersigned does

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

3

not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $11,959.30.

### C. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $7,036.87 in attorneys' costs comprised of copies, the hearing transcript, postage, and $6,000.00 in costs related to establishing Petitioner's conservatorship. Pet'r's Mot. for AFC, Tab G. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

### II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $11,959.30 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$11,959.30** |
| | |
| Attorneys' Costs Requested | $7,036.87 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,036.87** |
| | |
| **Total Attorneys' Fees and Costs** | **$18,996.17** |

**Accordingly, I award a lump sum in the amount of $18,996.17 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.